KAREN NELSON MOORE, Circuit Judge,
dissenting.
Unlike the majority, I conclude that the prosecutor clearly erred in using Pillette’s post -Miranda silence during his cross-examination and that the Michigan Court of Appeals’s conclusion to the contrary was an unreasonable application of federal law. Therefore, I respectfully dissent.
“[T]he use for impeachment purposes of [a defendant’s] silence, at the time of arrest and after receiving Miranda warnings, violate[s] the Due Process Clause of the Fourteenth Amendment.” Doyle v. Ohio, 426 U.S. 610, 619, 96 S.Ct. 2240, 49 *892 L.Ed.2d 91 (1976). Here, during Pillette’s cross-examination, the prosecutor repeatedly focused upon Pillette’s failure to provide the police with certain information and did so in a manner that was clearly and unabashedly aimed at encouraging the jury to infer guilt from silence. For instance, one exchange between the prosecutor and Pillette proceeded as follows:
[Prosecutor:] Okay. Bow’d the shotgun get out?
[Pillette:] Tony. Tony loaded it and put the barrel on it.
Q: Tony loaded it.
A: Yes.
Q: Put the barrel on it.
A: Yes, sir.
Q: Is that what you told the police?
A: I didn’t tell the police anything.
Q: Wait a minute. You had a chance to tell the police your side of the story and you didn’t tell them anything?
A: Yes, sir.
Doc. 11-18 (Trial Tr. (1/21/2004) at 189) (emphasis added). In another instance, the prosecutor asked Pillette: “If ... all you’re planning on doing is telling the truth, then why didn’t you make a statement to the police.” Trial Tr. at 209; see also Trial Tr. at 200 (Prosecutor: “... this is the first time that anybody’s ever heard this story?”), 218 (Prosecutor: “... why is it that you just told us that now?”). Comments such as these are paradigmatic examples of precisely the kind of questioning that Doyle sought to prohibit.
The majority responds by suggesting that Doyle applies only when a defendant “invoke[s] his right to remain silent.” Maj. Op. at 881. Invoking the right to remain silent is not a prerequisite to a Doyle claim, however. See United States v. Caruto, 582 F.3d 822, 831 (9th Cir.2008) (“Even in non-invocation cases ... mere omissions are not enough to justify cross-examination or argument regarding what was not said at the time of arrest.”). Invocation bears on whether the officers interrogating a suspect are aware that the suspect wishes to remain silent and know when to cease their questioning. Berghuis v. Thompkins, — U.S. -, 130 S.Ct. 2250, 2259-60, 176 L.Ed.2d 1098 (2010). A Doyle violation, by contrast, involves a scenario in which a defendant is not challenging the questions asked by the interrogating officers or seeking to suppress the answers he gave in response to those questions, but rather argues that he is being punished for remaining silent.
The Supreme Court’s decision in Anderson v. Charles, 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980), is not to the contrary. Under Anderson, the mere fact that a defendant made some post-Miranda statements to the police is not itself dispositive. Anderson never suggested that Doyle was inapplicable whenever a defendant chooses to speak; it simply held that “Doyle does not apply to cross-examination that merely inquires into prior inconsistent statements.” Anderson, 447 U.S. at 408, 100 S.Ct. 2180. The critical question is whether the prosecutor’s comments at trial were “designed to draw meaning from silence,” which is constitutionally prohibited, or were an attempt to “elicit an explanation for a prior inconsistent statement.” Id. at 409, 100 S.Ct. 2180. Thus, in order for a prosecutor to be permitted to refer to a defendant’s post-Miranda silence, there usually must be some inconsistency between the defendant’s testimony and the statements he made to the police. See Caruto, 532 F.3d at 831 (explaining that an inconsistency between the defendant’s post-Miranda statements and his trial testimony is key in determining whether there was a Doyle violation); United States v. Casamento, 887 F.2d 1141, 1179 (2d Cir.1989), cert. denied, 493 U.S. 1081, 110 S.Ct. 1138, 107 L.Ed.2d 1043 (1990) (“[F]or purposes of analysis under Doyle, even if a defendant *893 has made statements to the police after receiving Miranda warnings, he is deemed to have maintained his silence, unless the post-arrest statements are inconsistent with the defendant’s testimony at trial.”); see also Gravley v. Mills, 87 F.3d 779, 787 (6th Cir.1996) (holding that there was a Doyle violation when the “prosecutor’s cross-examination ... went far beyond calling the jury’s attention to [an] inconsistency.”). Furthermore, even if a defendant’s testimony is inconsistent with his post -Miranda statements, the prosecutor’s comments must actually be aimed at exposing that inconsistency. Otherwise, a prosecutor cannot be said to be “eliciting] an explanation for a prior inconsistent statement.” Anderson, 447 U.S. at 409, 100 S.Ct. 2180; Gravley, 87 F.3d at 787.
Nothing in Anderson provides otherwise. Although Anderson did state that “a defendant who voluntarily speaks after receiving Miranda warnings has not been induced to remain silent,” it explained that such a defendant “has not remained silent” only “[a]s to the subject matter of his statements,” Anderson, 447 U.S. at 408, 100 S.Ct. 2180, and accordingly, a prosecutor may probe inconsistencies between those statements and trial testimony. The invocation requirement that the majority seeks to draw from Anderson goes well beyond that decision’s limited holding.
The majority points to the inconsistency between Pillette’s testimony that he “didn’t tell the police anything” and his admission that he made certain statements to the police, such as his telling them that he “didn’t point a gun at nobody and didn’t shoot a gun at nobody.” Doc. 11-13 (Trial Tr. (1/21/2004) at 191) (internal quotation marks omitted). Although the prosecutor may have been permitted to explore this inconsistency, there is no indication that its questioning had such a focus. The prosecutor’s questioning with respect to Pillette’s silence was focused upon the information that Pillette consistently acknowledged not providing when he was arrested. Furthermore, the prosecutor’s emphasis upon Pillette’s failure to tell his “side of the story,” Trial Tr. at 189, suggests that the prosecutor was more interested in the negative implications of silence itself than it was in any perceived inconsistency. Therefore, the prosecutor’s questioning could only have been an attempt to “draw meaning from silence,” Anderson, 447 U.S. at 409, 100 S.Ct. 2180, which is precisely what Doyle forbids.
I also have reservations with respect to the majority opinion’s analysis of Pillette’s claims of ineffective assistance of counsel. Because I think the above-described Doyle errors by themselves warrant habeas relief, however, I see no need to address this ineffectiveness issue at this time. I respectfully dissent.